IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADETAYO ADESEYE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-1126-RGA |
| FEDLOAN SERVICING, et al., | : | |
| Defendants. | : | |

Adetayo Adeseye, Newark, Delaware; Pro Se Plaintiff.

Douglas D. Herrmann, Esquire, Pepper Hamilton LLP, Wilmington, Delaware, Counsel for Defendant Fed Loan Servicing.

Blake A. Bennett, Esquire, and Heather M. Shumaker, Esquire, Cooch and Taylor, Wilmington, Delaware, Counsel for Defendant Trans Union.

Karen M. Grivner, Esquire, Clark Hill PLC, Wilmington, Delaware, Counsel for Defendant Equifax.

Travis S. Hunter, Esquire, and Mark C. Zheng, Esquire, Richards Layton & Finger, PA, Wilmington, Delaware, Counsel for Defendant Experian.

**MEMORANDUM OPINION**

June 27, 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Adetayo Adeseye, who proceeds *pro se*, and has paid the filing fee, filed this action on August 11, 2017. (D.I. 2). Before the Court is Defendant Pennsylvania Higher Education Assistance Agency, d/b/a FedLoan Servicing's motion to dismiss pursuant to Rule 12(b)(6). (D.I. 21). Briefing on the matter is complete. Also before the Court is Plaintiff's request for counsel. (D.I. 14).

## BACKGROUND

Plaintiff has sued a number of entities for inaccurate reporting of his student loans to credit reporting agencies. Plaintiff's student loans were originally with Direct Loans and the loan was set up on automatic repayment so Plaintiff would receive a 0.25% reduction in the interest rate. Prior to refinancing all student loans and consolidating them, the loans were in forbearance. Plaintiff was informed by Direct Loans that the automatic payments were in effect and would continue after the forbearance period ended.

The student loans were transferred from Direct Loans to the U.S. Department of Education. Plaintiff alleges he never received a notice or a phone call about the transfer, and there appears to have been a lack of communication across many handoffs during the transfer process to the Department of Education and FedLoan Servicing that violated the Fair Credit Reporting Act.

Plaintiff alleges that, from 2012 until 2017, FedLoan Servicing and the Department of Education inaccurately reported his student loan status to credit reporting agencies, causing him actual damage. Plaintiff filed a complaint through CEPB

1

(presumably the Consumer Financial Protection Bureau) and Federal Student Aid on June 14, 2017, and recently FedLoan Servicing updated Plaintiff's credit report to reflect a zero balance. However, some student loans are being reported by the Department of Education with a total remaining balance of $32.00.

Plaintiff alleges that due to the erroneous reporting of a defaulted federal student loan on his credit report, he has been unable to refinance or obtain a new mortgage. He seeks compensatory damages.

FedLoan Servicing moves for dismissal of the Fair Credit Reporting Act ("FRCA") claims pursuant to Rule 12(b)(6) on the grounds that it is not a consumer reporting agency and there is no private right of action against data furnishers.[1] (D.I. 23).

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a

---

[1] FedLoan Servicing also moves to dismiss claims raised under the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act, to the extent it was Plaintiff's intent to raise these claims. Plaintiff indicates in his reply that he only raises a FCRA claim against FedLoan Servicing. (D. I. 28). Therefore, that is the only claim I will address.

2

court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

FedLoan Servicing seeks dismissal on the grounds that: (1) it is not a consumer reporting agency; and (2) there is no private right of action against data furnishers for merely reporting information even if the information is incorrect. Plaintiff responds that by reporting inaccurate information, the credit reporting agencies cause him actual

3

damages. To support his opposition, Plaintiff "adopts by reference the defenses, criteria, limitations, standards and constitutional protection mandated or provided" for in *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 804 F.3d 646 (4th Cir. 2015); *Pele v. Pennsylvania Higher Educ. Assistance Agency*, Civ. No. 2013-1451 (E.D. Va. Apr. 2, 2014) (D.I. 18);[2] and *Hudson v. FedLoan Servicing*, Civ. No. 17-1568 (E.D. Mo. Apr. 3, 2018) (dismissed for failure to prosecute). The Court has reviewed the foregoing authorities and none support Plaintiff's position.

**Credit Reporting Agency**. The allegations against FedLoan Servicing are that it inaccurately reported information from 2012 until 2017 to credit reporting agencies. Plaintiff does not allege that FedLoan Servicing is a credit reporting agency, and FedLoan Servicing argues that it is not. Status as a credit reporting agency is an element necessary to state a claim under § 1681i of the FCRA.

The FCRA, enacted in 1970, "created a regulatory framework governing consumer credit reporting" that "'was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Under the FCRA, consumer reporting agencies, or credit bureaus, "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to

---

[2] This ruling was reversed on October 21, 2015. *See Pele v. Pennsylvania Higher Educ. Assistance Agency*, 628 F. App'x 870 (4th Cir. 2015) (Pennsylvania Higher Educ. Assistance Agency is not an arm of the Commonwealth entitled to sovereign immunity).

4

assess a particular consumer's creditworthiness." *Id.* "Consumer reporting agencies must 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates,' 15 U.S.C. § 1681e(b), and they are subject to suit by consumers under § 1681i when they fail in this regard." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017).

In June 2017, the United States Court of Appeals for the Third Circuit affirmed dismissal of a FCRA claim in another case against Defendant, stating that it "is not a 'consumer reporting agency' under the FCRA. . . . [It] operates nationally . . . conducting lending, servicing, and guarantee activities in connection with federally-backed student loans." *Id.* at 90 (citations omitted). Moreover, the Complaint is devoid of any allegations that FedLoan Servicing is a consumer reporting agency. Therefore, the Court will grant the motion to dismiss to the extent Plaintiff attempts to raise a claim under § 1681i.

**Furnisher of Information**. FedLoan Servicing also moves for dismissal to the extent Plaintiff alleges it was a "furnisher" of information. Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information, 15 U.S.C. § 1681s-2(a), and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished, 15 U.S.C. § 1681s-2(b). Violations of the obligation to provide complete and accurate information to consumer reporting agencies are not subject to a private cause of action "in the first instance," that is, before the consumer has disputed the information with a

credit bureau. *See Seamans*, 744 F.3d at 864. The FCRA "explicitly precludes private suits" for failure to comply with the duties set forth under 15 U.S.C. § 1681s-2(a), and "provides for enforcement of that provision by federal and state officials." *Seamans*, 744 F.3d at 864.

Duties of the furnisher of the information are not imposed until the furnisher receives notice from a consumer reporting agency, pursuant to 15 U.S.C. § 1681i(a)(2), that a consumer has disputed information furnished by that furnisher/creditor. *See Seamans*, 744 F.3d at 864-65. Notice triggers the requirements of 15 U.S.C. § 1681s-2(b). *See id*. The Complaint alleges that Plaintiff has been disputing inaccurate information to credit reporting agencies since 2012. There are no allegations, however, that FedLoan Servicing received notice from any consumer credit reporting agency that Plaintiff disputed information provided by it or that, if notified, it failed to properly investigate. Plaintiff does allege that on June 14, 2017, he filed a complaint through the CFPB and, after doing so, FedLoan Servicing updated his credit to reflect a zero balance. However, this does not suffice to state a claim under § 1681s-2(b) as the CFPB is not a consumer reporting agency. *See Harris*, 696 F. App'x at 91 (Consumer Financial Protection Bureau is an Executive agency established within the Federal Reserve System to "regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws.").

As pled, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, the Court will grant the motion to dismiss the § 1681s-2(b) claim. However,

since it appears plausible that Plaintiff may be able to articulate a § 1681s-2(b) claim, he will be given an opportunity to amend his pleading.

### Request for Counsel

Plaintiff filed a request to seek legal counsel, construed by the Court as a request for counsel. (D.I. 14). Plaintiff proceeds *pro se*. His request to *proceed in forma pauperis* was denied on August 18, 2017, and he has paid the filing fee. (D.I. 4). Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff paid the filing fee and was denied *in forma pauperis* status. He does not qualify for counsel under § 1915. Therefore, the court will deny the request.

### CONCLUSION

Based upon the above discussion, the Court will: (1) deny Plaintiff's request for counsel (D.I. 14); and (2) grant Defendant's motion to dismiss the complaint. (D.I. 21). Plaintiff will be given leave to amend the 15 U.S.C. § 1681s-2(b) claim.

An appropriate order will be entered.