IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADETAYO ADESEYE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 17-1126-RGA |
| | : |
| U.S. DEPARTMENT OF EDUCATION, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

1.  **Introduction**.  Plaintiff AdeTayo Adeseye proceeds *pro se* and has paid the filing fee.  The action was commenced on August 11, 2017.  (D.I. 2).  On February 2, 2021, the Court entered three orders:  (1) an order for Plaintiff to show cause, on or before February 16, 2021, why Defendant United States Department of Education should not be dismissed for Plaintiff's failure to effect service as required under Fed. R. Civ. P. 4(m) (D.I. 58); (2) an order for Plaintiff to respond to Defendant Equifax Information Services LLC's interrogatories and request for production of documents on or before February 16, 2021, and warning Plaintiff that the failure to do so would result in dismissal of all claims against Equifax (D.I. 59); and (3) an order for Defendant Experian Information Solutions, Inc. and Plaintiff to provide a status report on whether Experian and Plaintiff had settled their claims (D.I. 60).

2.  **Service**.  Plaintiff did not respond to the show cause order why United States Department of Education should not be dismissed as a defendant for Plaintiff's failure to serve process within 90 days of filing the complaint as ordered on February 2, 2021.  (*See* D.I. 58).  The United States Department of Education will be dismissed

without prejudice as a Defendant for failure to serve process pursuant to Fed. R. Civ. P. 4(m).

3. **Failure to Prosecute**.   Plaintiff did not respond to Equifax's discovery on or before February 16, 2021, and failed to heed the warning that the failure to do so would result in dismissal of all claims against Equifax.   (S*ee* D.I. 59).   Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ."   Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action.   *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

4. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense.   *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019).   The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action.   *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

5. Several factors warrant the sanction of dismissal of all claims against Equifax including Plaintiff's repeated failures to comply with Court orders, Plaintiff's delay in responding to discovery requests, and Plaintiff's failure to respond to the

February 2, 2021 order that required him to respond to Equifax's discovery requests on or before February 16, 2021.  (*See* D.I. 59).   All claims against Equifax will be dismissed for failure to prosecute.   Equifax's motion to dismiss (D.I. 53) will be dismissed as moot.

6.     **Settlement**.   The Court ordered Experian and Plaintiff to provide the status of settlement of the claims against Experian.   (*See* D.I. 60).   Experian advised the Court that Experian executed a settlement agreement and release and submitted a lump sum payment to Plaintiff pursuant to the terms of the settlement agreement.   (D.I. 61).   Experian advises that it made several attempts to contact Plaintiff with no response.   (*Id.*).   Experian asks the Court to dismiss it from this action.   Based upon its representations of settlement with Plaintiff, Experian will be dismissed as a Defendant.

7.     **Conclusion**.   For the above reasons, the Court will: (1) dismiss without prejudice the United States Department of Education pursuant to Fed. R. Civ. P. 4(m); (2) dismiss Equifax Information Services LLC for Plaintiff's failure to prosecute the claims against it; (3) dismiss Experian Information Solutions, Inc. as the parties have settled their claims; and (4) dismiss as moot Equifax Information Services LLC's motion to dismiss (D.I. 53).   An appropriate Order follows.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE